# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAFFEL SYSTEMS, LLC,**

    **Plaintiff,**

  v.

**BOB'S DISCOUNT FURNITURE, LLC, MACY'S, INC., AND COSTCO WHOLESALE CORPORATION,**

    **Defendants.**

Case No. 21-CV-1167

## DECISION AND ORDER ON STIPULATION FOR ENTRY OF PROTECTIVE ORDER

    On February 18, 2022, the parties filed a joint motion for entry of a protective order. (Docket # 27.) The parties dispute one provision of the proposed protective order, however, and request a ruling as to the disputed provision. Specifically, defendants wish to enter a two-tiered protective order where the parties have the ability to designate materials Confidential or "Highly Confidential – Attorneys' Eyes Only" (or "AEO"); whereas Raffel proposes the entry of a single-tier protective order where the parties can simply designate materials "Confidential."

    It is well-settled that pretrial discovery must, as a general proposition, occur in the public eye, unless compelling reasons exist for limiting the public's access. *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999) (noting presumption of public access to discovery materials). Rule 26(c) of the Federal Rules of Civil Procedure allows the court, for good cause, to issue a protective order "to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

To that end, it is not uncommon for parties to request a two-tiered protective order contemplating that some documents will be produced with a heightened "Attorneys' Eyes Only" designation. However, as one court in this circuit explained,

> The AEO designation must be used selectively because discovery and trial preparation are made significantly more difficult and expensive when an attorney cannot make a complete disclosure of relevant facts to a client and because it leaves the litigant in a difficult position to assess whether the arguments put forward on its behalf are meritorious. *Motorola, Inc. v. Lemko Corp.*, 08 CV 5427, 2010 WL 2179170, at *5 (N.D.Ill. June 1, 2010). To justify the AEO designation, the designating party must do more than show that it is a competitor of the receiving party or that the documents in question disclose information about the designating party's relationships with other competitors. *Id.* at *4. Instead, the designating party needs to show that the disclosure of the particular AEO-designated materials to even a small number of the other party's personnel would risk the disclosure of sensitive competitive information. *Id.* Conclusory statements are insufficient to show that a "slight expansion of disclosure" puts the designating party at an appreciable risk. *Id.*

*Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015). Raffel argues that in its patent infringement case currently pending against Man Wah before this Court, 18-CV-1765 (E.D. Wis.), the same defense counsel marked the vast majority of the discovery documents as AEO. (Docket # 27 at 2.) Raffel argues that having to challenge defendants' AEO designations will waste judicial and party resources. (*Id.* at 3.) Defendants contend that in the case against Man Wah, Raffel only challenged one AEO designation over the course of three years, and the challenge was resolved without court intervention. (*Id.* at 5.)

2

Both parties raise valid concerns. Even without the parties being "direct competitors," both participate in the multi-step furniture industry. Thus, I could foresee both parties wishing certain business records be marked AEO. However, even if Raffel did not challenge the bulk of defense counsel's AEO designations in the Man Wah case, defense counsel does not deny that it marked the "vast majority" of documents in that case as AEO.

I will allow the parties to have a process for designating documents AEO. However, as the *Glob. Material Techs.* court explained, the AEO designation should be used "selectively." In other words, a party should *not* be marking the "vast majority" of its discovery documents AEO. And as defendants' proposed protective order currently stands, AEO information is defined as "extremely sensitive" confidential information "disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." (Docket # 27-3 at 3.) It is unclear what makes confidential information "extremely sensitive." Thus, despite the defendants' proposed order providing a process for challenging an AEO designation, both parties' concerns can be met if less documents are marked AEO in the first place. For this reason, I am ordering the parties to meet and confer and attempt to define more precisely and more narrowly what constitutes "extremely sensitive" confidential information.[1] If the parties are unable to come up with an agreement, then each party is ordered to submit a proposed definition by **Friday, March 4, 2022** for ruling.

---

[1] For example, in *Glob. Material Techs.*, the court found that AEO was the proper designation to protect documents produced by a third-party customer in a misappropriation of trade secrets suit involving competing manufacturers. The court found that because disclosure of the information, which included price proposals, pricing formulas, and product specifications, were used by the third-party customer to decide whether to change suppliers, the information was potentially harmful in the plaintiff's hands, to the extent that it could be interpreted to predict the customer's future purchasing strategies. 133 F. Supp. 3d at 1091.

3

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the parties will meet and confer and attempt to stipulate to an agreed definition of what constitutes "extremely sensitive" information worthy of the heightened AEO designation. The parties have until **Friday, March 4, 2022** to either submit a revised joint stipulated protective order, or to again file individual proposals on which the Court can rule.

Dated at Milwaukee, Wisconsin this 24th day of February, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge